Luis Camacho (SBN 163331)
Ravi K. Sakthivel (SBN 256327)
**CAMACHO & ASSOCIATES**
1735 North First Street, Suite 245
San Jose, California, 95112
Telephone: (408) 579-1970
Fax: (408) 579-1975

Attorneys for Plaintiffs,
Robert J. Mitchell, *an individual*;
Christine Mitchell, *an individual*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA-OAKLAND DIVISION

| | |
|---|---|
| ROBERT J. MITCHELL, *an individual*; CHRISTINE MITCHELL, *an individual*,<br><br>　　　　　Plaintiffs,<br>　vs.<br><br>WELLS FARGO BANK, N.A., and DOES 1-50 Inclusive,<br><br>　　　　　Defendants. | Case No. **4:13-cv-04017-KAW**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT WELLS FARGO'S MOTION TO DISMISS**<br><br>[The Honorable Kandis A. Westmore]<br><br>Date:　November 21, 2013<br>Time:　11:00am<br>Courtroom:　4 - 3rd Floor |

## I.　INTRODUCTION

Plaintiffs Robert J. Mitchell and Christine Mitchell, opposes the motion to dismiss filed by defendant WELLS FARGO BANK N. A., ("WELLS") on the following grounds:

- Home Owners' Bill of Rights ("HOBR") is not preempted by Home Owners' Loan Act (HOLA)

- Defendant Wells Fargo's Conduct Does Give Rise to a Violation of the Homeowners' Bill of Rights

- The Wrongful Foreclosure Action is Exempt from the Tender Requirement.

## II.   DISCUSSION

### a. Standard of Review

A motion to dismiss tests the legal sufficiency of a claim. *Navarro v. Block* (9th Cir 2001) 250 F.3d 729, 732. All allegations of the plaintiffs must be taken as true. *Bell Atlantic v. Twombly* (2007) 550 U.S. 544, 550. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Plaintiff's complaint need not contain detailed factual allegations, but it must contain more than a formulaic recitation of the elements of a cause of action. *Rosenfield v. JPMorgan Chase Bank, N.A.* (N.D. Cal. 2010) 732 F.Supp.2d 952, 958-959.

### b. Home Owners' Bill of Rights ("HOBR") is not preempted by Home Owners' Loan Act (HOLA)

WELLS reads far too much into the *Mabry* Courts opinion regarding the issue of HOLA preclusion. WELLS entirely ignores that it does not have the right to initiate a non-judicial foreclosure sale in California absent the entire California statutory scheme governing this state conferred contractual right. *Mabry v. Superior Court* (2010) 185 Cal.App.4th 208 directly addressed the issue of HOLA preclusion of California foreclosure statutes and decisively concluded that in California Courts HOLA does not preclude California non-judicial foreclosure statutes. The Department of Thrift Supervision has not included foreclosure sales in its list of Section 560.2(b) (10) activities hence there is no federal preemption of California foreclosure law. The *Mabry* Court established that there is no federal statutory scheme governing non-judicial foreclosures so that there cannot be any federal preemption of California's non-judicial foreclosure statutory scheme.

We agree with the Mabrys that the process of foreclosure has traditionally been a matter of state real property law, a point noted both by the United States Supreme Court in BFP v. Resolution Trust Corp. (1994) 511 U.S. 531, 541–542, 114 S.Ct. 1757, 128 L.Ed.2d

556,17 [Citations to Academic Treatises] By contrast, we have not been cited to anything in the federal regulations that governs such things as initiation of foreclosure, notice of foreclosure sales, allowable times until foreclosure, or redemption periods. (Though there are commentators, like Professor Nelson, who argue there should be.) Given the traditional state control over mortgage foreclosure laws, it is logical to conclude that if the Office of Thrift Supervision wanted to include foreclosure as within the preempted category of loan servicing, it would have been explicit. Nothing prevented the office from simply adding the words "foreclosure of" to section 560.2(b)(10).

> Mabry v. Superior Court (2010) 185 Cal.App.4th 208, 230-31 [110 Cal.Rptr.3d 201, 217-18]

For this reason HOLA does not preclude the new statutory scheme effective January 1, 2013 governing right to conduct a non-judicial foreclosure sale, which is a California conferred contractual right that WELLS enthusiastically exercises in this state.

### c. Defendant Wells Fargo's Conduct Does Give Rise to a Violation of the Homeowners' Bill of Rights

WELLS has not provided any statutory authority to exempt it from violation of Civ. C. §2923.6(f)(3), which requires a mortgage servicer to provide and disclose all of the inputs used in the net present value calculation upon written request. WELLS sent to Plaintiffs a letter denying their modification application based on the fact that a modification would result in a negative Net Present Value ("NPV.") WELLS failed to attach the NPV inputs to the denial letter and further failed to transmit the information to Plaintiffs despite Plaintiffs written request.

Defendant WELLS stated that the NPV calculations are proprietary and, in their motion to dismiss, claim that WELLS failure to provide the requested information was due to the fact that Plaintiffs' attorney request a "copy of the NPV" instead of the "NPV calculations". Defendant WELLS is attempting to circumvent the protective statutory scheme set by HOBOR and relies on semantics as a shield to avoid liability. Plaintiffs' loan modification application was denied due to a negative NPV result and there was nothing in Defendant WELLS denial letter indicating the value of the home was a deciding factor for the denial. Plaintiffs needed the NPV calculations to review so they can proceed

with an appeal based on an inaccurate result. Instead of providing the requested information as required by HOBOR, Defendant WELLS denied Plaintiffs the information and stated that a new appraisal from a licensed appraiser would be required for the appeal.

Plaintiffs meet all the requirements for obtaining a loan modification, however their ability to proceed through the appeals process has been prevented by defendant WELLS' refusal to provide them with the necessary documentation to make a meaningful appeal and in particular the NPV calculation.

### d.  The Wrongful Foreclosure Action is Exempt from the Tender Requirement.

In Lona v. Citibank (2011) 202 Cal.App.4th 89, 112-113,

> [A] tender will not be required when the person who seeks to set aside the Trustee's Sale has a counter claim or set-off against the beneficiary.  In such cases, it is deemed that the tender and the counter claim offset one another, and if the offset is equal to or greater than the amount due, a tender is not required. (Hauger, supra, (1954) 42 Cal.2d at p. 755.)

The Lona court, citing Humboldt Savings Bank v. McCleverty (1911) 161 Cal. 285, 291 and Hauger v. Gates (1954) 42 Cal.2d 752, 755, suggested that tender is not required where the trustor's counter claim is greater than the amount due on the loan, and held that because plaintiff Lona did pray for both compensatory and punitive damages the exception was also encompassed by the pleadings. Lona, supra at 113.  The lost equity in the property is approximately $200,000.00.

### i.  Tender is not required where it would be inequitable to the party challenging the sale.

The Lona court also cited another exception to the tender rule:

> Third, a tender may not be required when it would be inequitable to impose such a condition on the party challenging the sale.  (Humbloldt Savings Bank, supra, 161 Cal.at 291)

Plaintiffs seeks compensatory damages caused by WELLS violation of HOBR and negligence, so to deny them the ability to recover what the Code authorizes under the HOBOR would unduly prejudice Plaintiffs' ability to recover losses caused by WELLS' negligent and/or fraudulent conduct.

> 'It is the general rule that courts have power to vacate a foreclosure sale where there has been fraud in the procurement of the foreclosure decree or where the sale has been improperly, unfairly or unlawfully conducted, or is tainted by fraud, or where there has been such a mistake that to allow it to stand would be inequitable to purchaser and parties.' [Citation.] A debtor may apply to a court of equity to set aside a trust deed foreclosure on allegations of unfairness or irregularity that, coupled with the inadequacy of price obtained at the sale, mean that it is appropriate to invalidate the sale." ( *Lo v. Jensen, supra,* 88 Cal.App.4th 1093, 1097–1098.)
> *Hughes v. OneWest Bank* (Cal. Ct. App., Mar. 13, 2012, A130897) 2012 WL 827005

Here Defendants owed Plaintiff a duty of care to deal reasonably with Plaintiffs to try to effectuate a workable loan modification. Said refusal to provide the NPV data was done negligently, recklessly and in disregard of Defendant's statutory duty to provide Plaintiffs with a good faith loan modification. As a direct and proximate result of the conduct of Defendants, and each of them Defendants breached these duties and responsibilities to Plaintiffs in making the representations and omissions of material facts as plead herein; and in failing to investigate and determine the accuracy and truth of the facts and information the represented as true; and subsequently denying Plaintiffs the ability to appeal their denial.

### e. If the Court finds that Plaintiffs have failed to properly plead the foregoing causes of action, Plaintiffs seek leave to amend to remedy any deficiencies.

A district court should freely give leave to amend when justice so requires, absent a showing of bad faith, dilatory motive, or undue prejudice to another party. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

If the Court finds that the foregoing causes of action are not properly pled, Plaintiffs seeks leave to amend as the facts for the foregoing causes of action can be properly plead with leave to amend.

//

//

//

//

### III. CONCLUSION

For the foregoing reasons, Plaintiffs request that Defendants' motion to dismiss be denied as to all causes of action.  However, if the Court finds that one or more of the remaining causes of action have not been sufficiently pled, Plaintiffs seeks leave to amend.

Dated: September 30, 2013                                        Respectfully Submitted,

*/S/ Ravi K. Sakthivel*
RAVI K. SAKTHIVEL
Attorney for Plaintiffs
Robert and Christine Mitchell