Michael Rapkine (#222811)
 mrapkine@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
 CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A.
("Wells Fargo")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| ROBERT J. MITCHELL, an individual; CHRISTINE MITCHELL, an individual, Plaintiffs, v. WELLS FARGO BANK, N.A., and DOES 1 - 50, inclusive, Defendants. | CASE NO.: 4:13-CV-04017-KAW<br><br>[The Honorable Kandis A. Westmore]<br><br>**DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE SLAPP SUIT PURSUANT TO C.C.P. § 425.16; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   November 21, 2013<br>Time:  11:00 a.m.<br>Ctrm:   4 (3rd Floor) |
|---|---|

TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on November 21, 2013 at 11:00 a.m. in courtroom 4 of the above-entitled Court located at 1301 Clay Street, Oakland, California, defendant WELLS FARGO BANK, N.A. ("Wells Fargo") will move this Court, pursuant to California Code of Civil Procedure § 425.16, for an order to strike all claims set forth in the instant action.

This motion is made on the grounds that the complaint is a strategic lawsuit against public participation ("SLAPP") within the meaning of C.C.P. § 425.16, because plaintiffs' allegations arise solely from Wells Fargo's constitutionally-protected litigation activity in a class action suit involving plaintiffs and Wells Fargo. Under C.C.P. § 425.16, the complaint should

1  therefore be summarily stricken, and plaintiffs should be ordered to pay Wells Fargo's attorneys'
2  fees pursuant to C.C.P. § 425.16(c), in the amount of no less than $1,650.00.
3      This motion is based on this notice, the accompanying memorandum of points and
4  authorities, the concurrently-filed Declaration of Michael Rapkine ("Rapkine Decl.") and
5  Declaration of Stacie Knight ("Knight Decl."), all matters that the Court may judicially notice,
6  all pleadings and papers on file herein, and upon such other matters or evidence as may be
7  presented at the time of the hearing.

                                Respectfully submitted,

Dated: October 1, 2013        ANGLIN, FLEWELLING, RASMUSSEN,
                                          CAMPBELL & TRYTTEN LLP


                                By:  /s/ Michael Rapkine
                                    Michael Rapkine
                                    mrapkine@afrct.com
                                Attorneys for Defendant
                                WELLS FARGO BANK, N.A.
                                ("Wells Fargo")

*[Left margin: ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP]*

**TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

1. INTRODUCTION ............................................................................................................. 1

2. SUMMARY OF THE CASE ............................................................................................. 1

    A. Allegations In The Complaint ................................................................................ 1

    B. Plaintiffs Were Re-Evaluated For A Loan Modification Due To Their Participation In the "Pick-A-Payment" Class Action Settlement ......................... 3

3. LEGAL ARGUMENT ....................................................................................................... 4

    A. The Plain Language Of California's Anti-SLAPP Statute Prohibits Lawsuits Based On Litigation-Related Activities .................................................. 4

    B. The Instant Action Is Based Entirely On Litigation-Related Activities In Conjunction with the Class Action Settlement ................................................... 5

    C. Plaintiffs' Complaint Lacks *Prima Facie* Validity ................................................ 7

    D. Wells Fargo is Entitled to an Award of Attorneys' Fees ....................................... 7

4. CONCLUSION .................................................................................................................. 8

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Vann v. Wells Fargo Bank, N.A.*,
 2013 U.S. Dist. LEXIS 6163, *5 (N.D. Cal. Jan. 15, 2013) .................................................. 5

**STATE CASES**

*Braun v. Chronicle*,
 52 Cal. App. 4th 1036 (1997) ............................................................................................ 4, 5

*Briggs v. Eden Council for Hope & Opportunity*,
 19 Cal. 4th 1106 (1999) ......................................................................................................... 5

*Church of Scientology v. Wollersheim*,
 42 Cal. App. 4th 628 (1996) .................................................................................................. 4

*Equilon Enterprises v. Consumer Cause, Inc.*,
 29 Cal. 4th 53 (2002) ............................................................................................................. 4

*Fox Searchlight Pictures, Inc. v. Paladino*,
 89 Cal. App. 4th 294 (2001) .................................................................................................. 6

*Hull v. Rossi*,
 13 Cal. App. 4th 1763 (1993) ................................................................................................ 4

*Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*,
 129 Cal. App. 4th 1228 (2005) .............................................................................................. 6

*Kashian v. Harriman*,
 98 Cal. App. 4th 892 (2002) .................................................................................................. 5

*M.F. Farming Co. v. Couch Distributing Co., Inc.*,
 207 Cal. App. 4th 180 (2012) ................................................................................................ 6

*Mann v. Quality Old Time Service, Inc.*,
 120 Cal. App. 4th 90 (2004) ............................................................................................... 6, 7

*Navarro v. IHOP Properties, Inc.*,
 134 Cal. App. 4th 834 (2005) ................................................................................................ 5

*Navellier v. Sletten*,
 29 Cal. 4th 82 (2002) ............................................................................................................. 7

*Neville v. Chudacoff*,
 160 Cal. App. 4th 1255 (2008) .............................................................................................. 5

*Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*,
　133 Cal. App. 4th 658 (2005) ..................................................................................... 4

*Seltzer v. Barnes*,
　182 Cal. App. 4th 953 (2010) ..................................................................................... 5

*Varian Medical Systems, Inc. v. Delfino*,
　35 Cal. 4th 180 (2005) ................................................................................................ 4

*Wallace v. McCubbin*,
　196 Cal. App. 4th 1169 (2011) ............................................................................... 4, 6

*Wilcox v. Superior Court*,
　27 Cal. App. 4th 809 (1994) ....................................................................................... 4

**STATE STATUTES**

Cal. Civ. Code § 2923.6(f)(3) .................................................................................... 2, 6

Cal. Civ. Proc. Code § 425.16 .................................................................................... 4, 5

Cal. Civ. Proc. Code § 425.16(a) ...................................................................................... 6

Cal. Civ. Proc. Code § 425.16(b)(1) ................................................................................. 4

Cal. Civ. Proc. Code § 425.16(c) ................................................................................. 7, 8

Cal. Civ. Proc. Code § 425.16(e) ...................................................................................... 5

Cal. Civ. Proc. Code § 425.16(e)(2) ............................................................................ 1, 5

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION

Communications made by an attorney while representing a client in a judicial proceeding are *per se* protected by the California anti-SLAPP statute, which covers all activity "in connection with an issue under consideration or review by a … judicial body." C.C.P. § 425.16(e)(2). In the present case, plaintiffs were members of a class action against Wells Fargo which resulted in a settlement agreement that obligated the bank to make a loan modification program available to qualified borrowers. The sole claim in the instant action is factually predicated on the discussions that plaintiffs' attorney had with the bank's counsel during this modification review process. Because plaintiffs' current action arises from protected litigation activity, it is subject to a special anti-SLAPP motion to strike.

It should be added that although the complaint couches plaintiffs' single claim as a violation of California's recently-enacted Home Owners' Bill of Rights, this suit at best arises from an indistinguishable mixture of protected and unprotected conduct. California law provides that in such a situation, when the protected litigation activity is not incidental to the claim, anti-SLAPP protection is appropriate.

Accordingly, this motion should be granted and plaintiffs' complaint stricken.

### 2. SUMMARY OF THE CASE

**A. Allegations In The Complaint**

On or around July 6, 2007, plaintiffs obtained a $1,309,000 home loan from Wells Fargo's predecessor, World Savings Bank, FSB. (Comp. ¶ 5). The terms of the loan were memorialized by a promissory note that was secured by a deed of trust against 518 Oakshire Place, Alamo, California. (Comp. ¶¶ 1, 5). Attached to the complaint as Exhibits A and B are copies of the promissory note and deed of trust signed by plaintiffs.

The pleadings concede that plaintiffs defaulted on the mortgage around December 2011, due to problems with their business. (Comp. ¶ 6). Sometime thereafter, plaintiffs retained the Law Offices of Gene Choe to represent them in anticipated litigation in an attempt to secure a loan modification (Comp. ¶ 7). The complaint adds that this law firm submitted a loan

modification application to Wells Fargo without the plaintiffs' consent, including "inaccurate and false information relating to Plaintiffs' finances." *Id*. Unhappy with the representation provided, plaintiffs "terminated their relationship with The Choe Firm and received a full refund of all they paid to the Choe Firm." *Id*.

In January 2013, plaintiffs' new attorney (Camacho & Associates) submitted a loan modification application to Wells Fargo, through the bank's defense counsel, Stacie Knight of Winston & Strawn, LLP. (Comp. ¶ 8). On May 18, 2013, Wells Fargo sent plaintiffs a modification denial letter, which is attached as Exhibit C to the complaint. (Comp. ¶ 9; Exh. C). The denial letter stated that Wells Fargo could not modify the subject loan "because a modification would result in a Negative Net Present Value . . ." (Exh. C to Comp.). The letter added that plaintiffs' gross monthly income of $14,387 and an estimated property value of $1,500,000 were used in the NPV calculation. *Id*. Wells Fargo also explained that: "to appeal the decision, contact us through your attorney. We will inform what documents you are required to submit to support your appeal." *Id*.

In response to the denial letter, plaintiffs' counsel sent an email to Stacie Knight on May 20, 2013, requesting "a copy of the NVP" and explaining that plaintiffs "would like to file an appeal." (Comp. ¶ 10; Exh. D to Comp.). In Ms. Knight's email response, she explained that "[t]he NPV calculations are proprietary" and added, "[t]o appeal, please submit a new appraisal from a licensed appraiser within 30 days of the date of the [denial] letter." (Exh. D to Comp.).

Based on Ms. Knight's email response, the complaint alleges that Wells Fargo has violated Civil Code § 2923.6(f)(3)[1] by failing to provide plaintiffs with "all of the inputs used in the net present value calculation." (Comp. ¶ 12). In addition to the defects that were addressed in Wells Fargo's pending motion to dismiss (Doc. 10), the complaint falls prey to this anti-SLAPP motion.

///

---

[1] The complaint mistakenly references Civil Code § 2924.6(f)(3) at paragraph 12. No such Code Section exists.

### B. Plaintiffs Were Re-Evaluated For A Loan Modification Due To Their Participation In the "Pick-A-Payment" Class Action Settlement

As set forth in the accompanying Declaration of Stacie C. Knight ("Knight Decl."), plaintiffs were "Class B" members in the "pick-a-payment" class action lawsuit recently litigated in the Northern District of California, San Jose Division, *In re Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales Practices Litig.*, Case No. 5:09-md-02015-JF. (the "Class Action") (Knight Decl. ¶¶ 3, 6). As part of the Class Action settlement agreement, Wells Fargo agreed to make a loan modification program available to certain class members. Attached to the Knight Declaration as Exhibit A is a true and correct copy of the final order approving the settlement. This order was issued by the Honorable Jeremy Fogel on May 17, 2011 and provides in relevant part:

> The settlement classes comprise individuals who entered into "Pick-a-Payment loans with Defendants between August 1, 2003 and December 31, 2008. Settlement Class A consists of borrowers who no longer hold their "Pick-a-Payment loans [footnote omitted]; **Settlement Class B consists of borrowers who still hold their loans and are not in default;** and Settlement Class C consists of borrowers who still hold their loans and are in default. Under the terms of the settlement, Defendants will pay $50 million to the class. . . . Because the settlement fund will be divided on a *pro rata* basis, no unclaimed portion of the fund will remain after distribution. . .
>
> **In addition to paying $50 million to the class, Defendants will implement a loan modification program available to qualified Settlement Class C members and to qualified Settlement Class B members who are in "imminent default."** Eligible class members first will be considered for the federal Home Affordable Modification Program ("HAMP"). If the class member does not qualify under HAMP or elects not to accept a HAMP modification, the member will be considered for Defendants' new loan modification program, Mortgage Assistance Program 2 ("MAP2R"). . . .
>
> **The Court will retain continuing jurisdiction to interpret and enforce the settlement agreement. . . .**

(Exhibit A to Knight Decl.; pgs. 2-4).

In compliance with the Class Action settlement, plaintiffs submitted their updated financial information to Wells Fargo in early 2013, through the bank's class counsel, Winston & Strawn, LLP. (Knight Decl. ¶ 7; Exh. D to Comp.). As reflected in a denial letter dated May 18,

1 2013, the plaintiffs were rejected for a loan modification and advised of their appeal rights.

2 (Knight Decl. ¶ 8; Exh. C to Comp.). Instead of bringing any perceived grievances before Judge

3 Fogel's court, plaintiffs filed the instant action.

### 3. LEGAL ARGUMENT

**A. The Plain Language Of California's Anti-SLAPP Statute Prohibits Lawsuits Based On Litigation-Related Activities**

A SLAPP lawsuit is a "meritless suit filed primarily to chill the defendant's exercise of First Amendment rights" of free speech and petition. *Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 815, fn. 2 (1994) (citing *Hull v. Rossi*, 13 Cal. App. 4th 1763, 1769 (1993)); *Church of Scientology v. Wollersheim*, 42 Cal. App. 4th 628, 645 (1996) (C.C.P. § 425.16 is intended to expeditiously resolve SLAPP suits). "The purpose of anti-SLAPP is to curb the chilling effect that certain litigation may have on the valid exercise of free speech and petition rights, and the statute is to be interpreted broadly to accomplish that goal." *Wallace v. McCubbin*, 196 Cal. App. 4th 1169, 1181 (2011).

Accordingly, California law permits the striking of any cause of action against a person "arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California constitution in connection with a public issue . . . unless the court determines that the plaintiff has established that there is a probability that plaintiff will prevail on the claim." C.C.P. § 425.16(b)(1); *Braun v. Chronicle*, 52 Cal. App. 4th 1036, 1042 (1997).

The anti-SLAPP analysis therefore involves a two-part test. The moving party must first make a threshold showing that the challenged claim "arises from an act in furtherance of the right of petition or free speech in connection with a public issue." *Varian Medical Systems, Inc. v. Delfino*, 35 Cal. 4th 180, 192 (2005). In other words, the defendant who brings an anti-SLAPP motion satisfies the first prong of this test by demonstrating that the challenged claim "arises from protected activity." *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*, 133 Cal. App. 4th 658, 669 (2005). If the court finds the first prong has been satisfied, it will next determine "whether the plaintiff has demonstrated a probability of

prevailing on the claim." *Equilon Enterprises v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002). If plaintiff fails to satisfy this burden, the cause of action must be stricken. *Varian, supra*, 35 Cal. 4th at 192.

An activity will qualify as a SLAPP-protected act if it fits within one of the categories expressed in subdivision (e) of section 425.16. *Braun, supra*, 52 Cal. App. 4th at 1042. Among these categories is subdivision (e)(2), which protects "any written or oral statement or writing made in connection with an issue under consideration or review by a … judicial body." C.C.P. § 425.16(e)(2). A recognized, shorthand way of describing this subdivision (e)(2) category is "litigation-related activity." See e.g., *Vann v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 6163, *5 (N.D. Cal. Jan. 15, 2013) (plaintiff's claim against Wells Fargo was subject to an anti-SLAPP motion because the bank's alleged activity was protected by the litigation privilege, codified at Civil Code § 47); *Navarro v. IHOP Properties, Inc.*, 134 Cal. App. 4th 834, 842-844 (2005) (anti-SLAPP motion appropriate given the fact that plaintiff's claim arose from statements made during settlement negotiations); *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1115 (1999) (statements made in connection with or in preparation for litigation are subject to Section 425.16 protection).

California courts embrace "a fairly expansive view of what constitutes litigation-related activities within the scope of section 425.16." *Kashian v. Harriman*, 98 Cal. App. 4th 892, 908 (2002). A statement is "in connection with" litigation under subdivision (e)(2) if "it relates to the substantive issues in the litigation and is directed to persons having some interest in the litigation." *Seltzer v. Barnes*, 182 Cal. App. 4th 953, 962 (2010) (quoting *Neville v. Chudacoff*, 160 Cal. App. 4th 1255, 1266 (2008)).

**B.  The Instant Action Is Based Entirely On Litigation-Related Activities In Conjunction with the Class Action Settlement**

Here, Wells Fargo evaluated plaintiffs for a loan modification pursuant to the Class Action settlement, an act which in the words of the *Seltzer* court, undoubtedly "relates to the substantive issues in the litigation." *Seltzer*, 182 Cal. App. 4th at 962. Furthermore, the written

1  statements by Michael Dolan and Stacie Knight[2] were "directed to persons having some interest
2  in the litigation." *Id*. at 962.  Accordingly, the communications that form the basis of plaintiffs'
3  lawsuit qualify as a "litigation-related activity."

4  In an attempt to immunize the complaint from SLAPP protection, plaintiffs allege that
5  Wells Fargo "failed in [its] statutory duty to disclose all of the inputs used in the net present
6  value calculation," as required by the Home Owners' Bill of Rights. (Comp. ¶ 12).  However,
7  this allegation is misplaced because plaintiffs' attorney actually requested "a copy of the NPV",
8  which would include proprietary information regarding *how* Wells Fargo arrived at its
9  calculations. (Exh. D to Comp.).  Pursuant to Civil Code § 2923.6(f)(3), a borrower may only
10 request the NPV *inputs*.

11 More importantly, even if plaintiffs could state a facially valid claim under the Home
12 Owners' Bill of Rights, a "mixed" cause of action will be subject to an anti-SLAPP motion if "at
13 least one of the underlying acts is protected conduct, unless the allegations of protected conduct
14 are 'merely incidental' to the unprotected activity." *M.F. Farming Co. v. Couch Distributing*
15 *Co., Inc.*, 207 Cal. App. 4th 180, 197 (2012); see also, *Huntingdon Life Sciences, Inc. v. Stop*
16 *Huntingdon Animal Cruelty USA, Inc.*, 129 Cal. App. 4th 1228, 1245 (2005); *Mann v. Quality*
17 *Old Time Service, Inc.*, 120 Cal. App. 4th 90, 103 (2004).

18 As noted above, the anti-SLAPP statute is broadly construed.  C.C.P. § 425.16(a);
19 *Wallace v. McCubbin*, 196 Cal. App. 4th 1169, 1181 (2011).  Here, plaintiffs attempt to couch
20 their claim as arising from unprotected conduct through the artifices of pleading.  *Fox*
21 *Searchlight Pictures, Inc. v. Paladino*, 89 Cal. App. 4th 294, 308 (2001) ("a plaintiff cannot
22 frustrate the purposes of the SLAPP statute through a pleading tactic of combining allegations of
23 protected and nonprotected activity under the label of one 'cause of action.'").

24 In applying the anti-SLAPP statute, a defendant's protected activity will be deemed
25 "incidental to a claim, and incidental to any unprotected activity on which the claim is based,
26 <u>only if the act is not alleged to be the basis for liability</u>."  *McCubbin*, *supra*, 196 Cal. App. 4th at

---

[2] See Exhibits C and D to the complaint.

1183 (emphasis added).  Here, the written statements made by Michael Dolan and Stacie Knight are not "merely incidental" to plaintiffs' lawsuit – Exhibits C and D to the complaint form the *substantive basis* of the lawsuit.

Put quite simply, even though plaintiffs argue that the Home Owners' Bill of Rights affords them rights in connection with the modification review at issue, the inseparable mixture of protected and unprotected activity alleged by plaintiffs subjects the complaint to this anti-SLAPP motion.

### C.   Plaintiffs' Complaint Lacks *Prima Facie* Validity

Once the Court finds that Wells Fargo has made a threshold showing that a substantial part of the complaint arises from protected speech or activity, the Court must then decide whether plaintiffs have demonstrated a probability of prevailing on their claims.  *Navellier v. Sletten*, 29 Cal. 4th 82, 88-89 (2002) ("[o]nly a cause of action that satisfies both prongs of the anti-SLAPP statute -- i.e., that it arises from protected speech or petitioning and lacks even minimal merit -- is a SLAPP, subject to being stricken under the statute.").  Where a cause of action refers to both protected and unprotected activity, a plaintiff must demonstrate a probability of prevailing on any part of the claim.  *Mann, supra*, 120 Cal. App. 4th at 106.

As briefed in detail in Wells Fargo's pending motion to dismiss (Doc. 10), plaintiffs cannot salvage any part of the thirteen (13) paragraph complaint.  As touched upon earlier in this motion, plaintiffs' attorney made an improper request for the proprietary formula that Wells Fargo uses in its NPV calculations.  Equally important, plaintiffs' loan was obtained from a federal savings bank and therefore the sole state law claim is preempted by the Home Owners' Loan Act. (*see* Section 6 of Wells Fargo's pending motion to dismiss).  Not to mention that plaintiffs cannot prosecute this "wrongful foreclosure" suit due to an inability to tender even a portion of their considerable debt.  Finally, plaintiffs' claim under the Home Owners' Bill of Rights is not even ripe, as Wells Fargo has yet to record a notice of default.

### D.   Wells Fargo is Entitled to an Award of Attorneys' Fees

Code of Civil Procedure § 425.16(c) provides that a prevailing defendant in an anti-SLAPP motion to strike shall be entitled to recover attorneys' fees.  As explained in the

accompanying Declaration of Michael Rapkine ("Rapkine Decl."), Wells Fargo has incurred $1,650 in fees in drafting this motion and supporting declarations. (Rapkine Decl. ¶¶ 2-4). Defense counsel expects to incur an additional $1,100 in attorneys' fees in reviewing an opposition and preparing a reply brief. (Rapkine Decl. ¶ 3). Accordingly, Wells Fargo requests an award of between $1,650 and $2,750 to be paid by plaintiffs.

## 4.   CONCLUSION

Plaintiffs' complaint constitutes a SLAPP suit which attacks Wells Fargo's litigation-related activity in connection with the Class Action. For the foregoing reasons, defendant Wells Fargo requests that the Court grant this special motion to strike, strike the complaint, and award Wells Fargo its attorneys' fees in accordance with C.C.P. § 425.16(c).

Respectfully submitted,

Dated:  October 1, 2013

ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP

By:   /s/ Michael Rapkine
Michael Rapkine
mrapkine@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A.
("Wells Fargo")

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE SLAPP SUIT PURSUANT TO C.C.P. § 425.16; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System:**

*Attorneys for Plaintiffs*

Luis W. Camacho, Esq.
Ravi K. Sakthivel, Esq.
CAMACHO & ASSOCIATES
1735 North First Street, Suite 245
San Jose, CA 95112
*Tel: 408.579.1970 | Fax: 408.579.1975*
Email: luis@camachoandassociates.com
Email: rksakthivellaw@gmail.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on **October 1, 2013**.

| Barbara Cruz | */s/ Barbara Cruz* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |