Michael Rapkine (#222811)
mrapkine@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| ROBERT J. MITCHELL, an individual; CHRISTINE MITCHELL, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> WELLS FARGO BANK, N.A., and DOES 1 - 50, inclusive, <br><br> Defendants. | CASE NO.: 4:13-CV-04017-KAW <br><br> [Assigned to the Hon. Kandis A. Westmore] <br><br> **DEFENDANT WELLS FARGO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br><br> Date: November 21, 2013 <br> Time: 11:00 a.m. <br> Ctrm: 4 (3rd Floor) |

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby submits this reply brief in support of its pending motion to dismiss. (DKT# 10).

/ / /

/ / /

/ / /

/ / /

/ / /

**TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

1.  INTRODUCTION ........................................................................................................... 1

2.  HOLA PREEMPTS THE PLAINTIFFS' SOLE CLAIM UNDER THE
    HBOR ............................................................................................................................... 1

3.  WELLS FARGO'S ALLEGED CONDUCT DOES NOT GIVE RISE TO A
    VIOLATION OF THE HBOR......................................................................................... 3

4.  PLAINTIFFS CANNOT SIDE STEP THE TENDER REQUIREMENT ....................... 5

5.  CONCLUSION ................................................................................................................ 7

# TABLE OF AUTHORITIES
**Page(s)**

**FEDERAL CASES**

*Alicea v. GE Money Bank*,
  2009 U.S. Dist. LEXIS 60813, *7-8 (N.D. Cal. July 16, 2009) ..................................................5

*Anaya v. Advisors Lending Group*,
  2009 U.S. Dist. LEXIS 68373, *27 (E.D. Cal. Aug. 3, 2009) ......................................................5

*Gorton v. Wells Fargo Bank N.A.*,
  2013 U.S. Dist. LEXIS 86006, *11 (C.D. Cal. June 3, 2013, Selna, J.)....................................3

*Hayes v. Wells Fargo Bank, N.A.*,
  2013 U.S. Dist. LEXIS 115435, *13, 19 (N.D. Cal. Aug. 3, 2013, Westmore, J.)....................2

*Kaplan v. Wells Fargo Bank, N.A.*
  2013 U.S. Dist. LEXIS 109023, *9 (C.D. Cal. July 30, 2013, Feess, J.) ...................................3

*Marquez v. Wells Fargo Bank, N.A.*,
  2013 U.S. Dist. LEXIS 131364 (N.D. Cal. Sept. 13, 2013) .........................................................3

*Montoya v. Countrywide Bank*,
  2009 U.S. Dist. LEXIS 53920, *32 (N.D. Cal. June 25, 2009) ....................................................5

*Rosas v. Carnegie Mortg*.
  LLC, 2012 U.S. Dist. LEXIS 71262, *5-6 (C.D. Cal. May 21, 2012) .......................................7

*Varela v. Wells Fargo Bank, N.A.*,
  2012 U.S. Dist. LEXIS 181323, *18 (N.D. Cal. 2012) .................................................................2

**STATE CASES**

*Abdallah v. United Sav. Bank*,
  43 Cal. App. 4th 1101 (1996) ........................................................................................................5

*FCPI v. E&G Investments, Ltd.*,
  207 Cal. App. 3d 1018 (1989) .......................................................................................................5

*Hauger v. Gates*,
  42 Cal.2d 752 (1952) ......................................................................................................................5

*Humboldt Savings Bank v. McCleverty*,
  161 Cal. 285 (1911) ........................................................................................................................6

*Karlsen v. American Sav. & Loan Assn.*,
  15 Cal. App. 3d 112 (1971) ...........................................................................................................5

*Mabry v. Superior Court*,
  185 Cal.App.4th 208 (2010) ......................................................................................................1, 2

*Stebley v. Litton Loan Servicing, LLP*,
   202 Cal. App. 4th 522 (2011) ...................................................................................................2

**FEDERAL STATUTES**

12 U.S.C. § 1461, *et seq.*..............................................................................................................1, 2, 3

**STATE STATUTES**

Cal. Civ. Code § 2923.4.................................................................................................................6, 7

Cal. Civ. Code § 2923.5....................................................................................................................2

Cal. Civ. Code § 2923.6(f)(3) .......................................................................................................3, 4

Cal. Civ. Code § 2924.12(b) .............................................................................................................6

Cal. Civ. Code § 2924.17(c) .............................................................................................................6

Cal. Civ. Code § 2924, *et seq.*..........................................................................................................2

**REGULATIONS**

12 C.F.R. § 560.2(b) .........................................................................................................................2

12 C.F.R. § 560.2(b)(4)................................................................................................................1, 3

12 C.F.R. § 560.2(b)(10)..............................................................................................................1, 3

93000/FR1058/00741164-3      iii      CASE NO.: 4:13-CV-04017-KAW
REPLY ISO MOTION TO DISMISS

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

This action arises from a 2007 home loan that plaintiffs obtained from Wells Fargo's predecessor and a default on the mortgage in December 2011. Plaintiffs were recently reevaulated for a loan modification, with a modification denial letter issued on May 18, 2013 (Exh. C to Comp.). According to the complaint, Wells Fargo has violated the recently-enacted Home Owners' Bill of Rights (the "HBOR") by failing to provide plaintiffs with the "net present value" ("NPV") inputs following this denial letter.

In response to Wells Fargo's motion to dismiss, the opposition fails to meaningfully address the serious flaws that plague the thirteen (13) paragraph complaint. As briefed in the pending motion, plaintiffs' allegations under the HBOR are clearly preempted by the Home Owners' Loan Act ("HOLA"). Furthermore, the complaint does not sufficiently allege a violation under the HBOR. Not to mention that this "wrongful foreclosure" action is defective due to plaintiffs' failure to tender the considerable debt that is owed to Wells Fargo. On a final note, the complaint falls prey to Wells Fargo's anti-SLAPP motion (DKT# 18), which is set for hearing concurrently with the bank's 12(b)(6) motion.

Accordingly, Wells Fargo respectfully submits that the Court grant its motion for the reasons stated therein, and expounded on in this reply brief.

## 2. HOLA PREEMPTS THE PLAINTIFFS' SOLE CLAIM UNDER THE HBOR

As noted in Section 6(E) of the motion to dismiss, the complaint clearly challenges the bank's procedures concerning the loan modification review process, along with Wells Fargo's right to foreclose after attempts to collect mortgage payments. In other words, the HBOR allegations trigger the OTS preemptive regulations in two areas – they impinge on procedures in the areas of the "terms of credit, including. . . adjustments to the interest rate, balance [and] payment due" [§ 560.2(b)(4)], and the "processing [and] servicing . . . of . . . mortgages." [§ 560.2(b)(10)]. Thus, the HOLA analysis ends and plaintiffs' HBOR claim is preempted.

In an attempt to argue against federal preemption, the opposition mischaracterizes the holding in *Mabry v. Superior Court*, 185 Cal.App.4th 208, 230-231 (2010), concluding that the

Court of Appeal found that California foreclosure statutes could <u>not</u> be preempted. (DKT#16 at 2:12 – 3:13). Yet when properly read, *Mabry* supports the conclusion that an HBOR claim cannot escape preemption if directed against a federal savings bank or its successor.[1]

Prior to January 1, 2013, the *only* remedy available for a violation of the non-judicial foreclosure laws codified under former Civil Code §§ 2923.5 and 2924, *et seq*. was equitable relief – specifically, an order enjoining a trustee's sale. Due to the extremely limited relief afforded by this foreclosure statute, the *Mabry* court explained: "[w]e emphasize that we are able to come to our conclusion that section 2923.5 is not preempted by federal banking regulations because it *is*, or can be construed to be, very narrow." *Mabry,* 185 Cal.App.4th at 231 (emphasis in original).[2] When examining the lender's obligations under the statute to "assess" and "explore" foreclosure alternatives, the *Mabry* court added that these terms "must be narrowly construed in order to avoid crossing the line from state foreclosure law into federally preempted loan servicing." *Id.* at 232.[3]

In light of the substantial additional remedies now available under the HBOR, a narrow interpretation cannot possibly save this California statute from preemption. Applying the same rationale used by the *Mabry* court, the claim in the instant action is preempted, because an array of statutory damages are available under the HBOR.

/ / /

---

[1] Plaintiff does not dispute that HOLA continues to apply to a loan originated by a thrift even if sold or transferred to another entity. The topic of why HOLA applies to plaintiff's loan is addressed in detail in Section 6(D) of the motion to dismiss.

[2] However, numerous courts (including this Court) have held to the contrary, finding that a claim under Civil Code § 2923.5 falls squarely within HOLA's preemptive regulations. *Hayes v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 115435, *19 (N.D. Cal. 2013, Westmore, J.) ("Federal courts have specifically found that § 2923.5 is preempted by HOLA. . . .Because Plaintiffs will not be able to amend these allegations in a way that is not preempted, the allegations are dismissed without leave to amend."); *Varela v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 181323, *18 (N.D. Cal. 2012, Westmore, J.) ("The undersigned follows the majority of the precedent in this district, and finds that HOLA applies to this action.").

[3] In *Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522 (2011), the Court of Appeal acknowledged again that the limited relief available under Civil Code § 2923.5 saved it from colliding with federal preemption. "However, Civil Code section 2923.5 does not provide for damages, or for setting aside a foreclosure sale, nor could it do so without running afoul of federal law, that is, the Home Owners' Loan Act (12 U.S.C. § 1461, *et seq.*; HOLA), and implementing regulations (12 C.F.R. § 560.2(b))." *Stebley*, 202 Cal.App.4th at 526 (citations omitted).

1   Although this reply brief will not restate the numerous cases cited in Wells Fargo's motion
2   that hold general claims to be preempted if they fall within the ambit of 12 C.F.R. § 560.2(b)(4) or
3   (10), it must also be added that in the ten months that the HBOR has been effect, courts have
4   determined that an HBOR claim is preempted when brought with respect to an FSB-originated loan.
5   For example, in *Marquez v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 131364, *13-16 (N.D.
6   Cal. Sept. 13, 2013), Judge Hamilton found that plaintiff's four HBOR-based claims fell within
7   §§ 560.2(b)(4) and (10). Accordingly, the district court held that: "the first through fourth causes of
8   action, which allege various violations of the HBOR, are preempted by HOLA." *Marquez*, 2013
9   U.S. Dist. LEXIS at *13-14. Other recent decisions in which HBOR claims were preempted
10  include: *Kaplan v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 109023, *9 (C.D. Cal. July 30,
11  2013, Feess, J.) (borrower claims for "fraudulent misrepresentation, promissory estoppel, negligent
12  misrepresentation, and HBOR claims are preempted.") and *Gorton v. Wells Fargo Bank N.A.*, 2013
13  U.S. Dist. LEXIS 86006, *11 (C.D. Cal. June 3, 2013, Selna, J.) ("Plaintiff's HBOR claim is based
14  solely on communications regarding and actions or omissions related to either Plaintiff's application
15  for loan modification, Wells Fargo's denial of that application, or Plaintiff's appeal of the denial . . .
16  [and is therefore] preempted by HOLA . . .").

17  Here, as in the above cases, preemption is appropriate under 12 C.F.R. §§ 560.2(b)(4) and
18  (10), because plaintiff's HBOR claim imposes modification review and loan servicing requirements
19  that are far beyond those contemplated by the OTS. On this basis alone, Wells Fargo's motion to
20  dismiss should be granted without leave to amend.

21                  **3.    WELLS FARGO'S ALLEGED CONDUCT DOES NOT**
22                         **GIVE RISE TO A VIOLATION OF THE HBOR**

23  Putting aside the issue of federal preemption, although Civil Code § 2923.6(f)(3) obligates a
24  loan servicer to provide the NPV inputs upon a borrower's request, plaintiffs' counsel did not ask
25  for the inputs. The opposition argues that Wells Fargo "relies on semantics as a shield to avoid
26  liability" (DKT#16 at 3:25-26); however, inspection of Exhibit D to the complaint reveals that
27  plaintiffs' attorney requested "a copy of the NPV." Wells Fargo's counsel at Winston & Strawn
28  (Stacie Knight) correctly responded that "the NPV calculations are proprietary." (Exh. D to Comp.).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

The fact that Ms. Knight's response was correct can be corroborated by the Honorable Jeremy Fogel's rulings in a recent class action matter, *In re Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales Practices Litig.*, Case No. 5:09-md-02015-JF. As explained at length in Wells Fargo's anti-SLAPP motion (DKT#18), plaintiffs were members of this class action, which resulted in a settlement in which Wells Fargo agreed to reevaluate certain class members for a modification. Judge Fogel's final order approving the class action settlement addressed Wells Fargo's right not to disclose the NPV formula:

> The NPV formula compares the expected economic outcome of the loan with and without the proposed modification. The calculation depends in part upon the current value of the property securing the loan. The NPV formula has been disclosed to class counsel, who are satisfied. Defendants have offered to disclose the NPV formula to the Court *in camera*. The Court concludes that Defendants are not required to disclose their NPV formula to class members; the loan modification program is laid out in detail in the settlement agreement – Defendants need not disclose every aspect of their methodology in order to render the settlement fair and adequate.

(Supplemental RJN iso MTD, Exh. I, 9:25 – 10:7).

In addition, the opposition complains that Wells Fargo "stated that a new appraisal from a licensed appraiser would be required for [an] appeal" under the HBOR. (DKT#16 at 4: 2-3). Plaintiffs position is that Wells Fargo frustrated their appeal rights under Civil Code § 2923.6(f)(3); however, both the denial letter and the email correspondence attached to the complaint demonstrate that plaintiffs were encouraged to appeal the modification denial. The denial letter dated May 18, 2013 clearly stated: "If you have a reason to believe our determination was incorrect and want to appeal the decision, contact us through your attorney. We will inform what documents you are required to submit to support your appeal. You must ensure that we receive all the information required before 30 calendar days from the date of this letter." (Exh. C to Comp.). On May 24, 2013, counsel for Wells Fargo (Stacie Knight) responded to plaintiffs' appeal inquiry, explaining that "a new appraisal from [a] licensed appraiser" was required. (Exh. D to Comp.). Tellingly, the complaint and opposition are devoid of an allegation that plaintiffs actually followed through by furnishing Wells Fargo with an updated appraisal.

/ / /

### 4. PLAINTIFFS CANNOT SIDE STEP THE TENDER REQUIREMENT

Equity as a bedrock principle requires a debtor to make a valid tender when bringing any cause of action which challenges the foreclosure process, or when asserting any claim "implicitly integrated to the sale." *See e.g.*, *Alicea v. GE Money Bank*, 2009 U.S. Dist. LEXIS 60813, *7-8 (N.D. Cal. July 16, 2009, Armstrong, J.) ("When a debtor is in default on a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for foreclosure."); *Montoya v. Countrywide Bank*, 2009 U.S. Dist. LEXIS 53920, *32 (N.D. Cal. June 25, 2009, Ware, J.) ("as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the secured debt."); *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (1996) (to maintain any type of wrongful foreclosure claim, a plaintiff must establish a viable tender of the full debt); *FCPI v. E&G Investments, Ltd.*, 207 Cal. App. 3d 1018, 1022 (1989) ("The rationale behind the [tender] rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs."); *Karlsen v. American Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 121 (1971) (a tender of one's debt is necessary for a cause of action "implicitly integrated" to the sale process).

Here, the pleadings concede that plaintiffs defaulted on the mortgage in December 2011, due to problems with their business. (Comp. ¶ 6). Given plaintiffs' failure to make a payment for nearly two years, their inability to tender even a portion of the debt is manifest. *See e.g.*, *Anaya v. Advisors Lending Group,* 2009 U.S. Dist. LEXIS 68373, *27 (E.D. Cal. Aug. 3, 2009) (a failure to make monthly payments over a protracted period reflects an inability to tender the amount owed). Given this reality, allowing this suit to survive would be a waste of judicial resources.

The opposition raises two exceptions to the tender rule, yet neither exception should apply to this action. (Opp., 4:8 - 5:14). First, plaintiffs invoke a set-off argument, stressing that "tender is not required where the trustor's counter claim is greater than the amount due on the loan. . ." (DKT#16 at 4:15-6). Plaintiffs rely on the seminal case of *Hauger v. Gates*, 42 Cal.2d 752, 609 (1952), yet the cross-demands in *Hauger* were definite in amount, thereby allowing the court to

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

apply a setoff.  Given the nominal amount of plaintiffs' damage allegations, the normal rules of tender should apply.  After all, setoff is not possible because plaintiffs' outstanding debt to Wells Fargo dwarfs any possible statutory damages available under the HBOR.[4]  It should be added that even if plaintiffs were to fully exhaust their appeal rights under the HBOR, there is provision under this new statutory scheme that compels a lender to modify a mortgage.  Pursuant to Civil Code § 2923.4, "[t]he purpose of the act . . . is to ensure that, as part of the nonjudicial foreclosure process, borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, if any, offered by or through the borrower's mortgage servicer . . .".  Section 2923.4 then clarifies that: "Nothing in the act that added this section, however, shall be interpreted to require a particular result of that [review] process."[5]

With regard to the second tender exception, plaintiffs stress that a court may accommodate the equities where a party attacks the foreclosure process.  Plaintiffs cite *Humboldt Savings Bank v. McCleverty*, 161 Cal. 285 (1911), a case that is easily distinguishable from the instant action.  (DKT#16 at 4: 22-23).  In *Humboldt*, the issue was whether the defendant (borrower) was liable for the entire debt on two parcels of land.  The defendant only had an interest in one parcel worth around $5,000, while the beneficiary argued that the defendant should be required to tender the entire debt, which totaled $57,000.  The court stressed that it would be inequitable to permit the sale of both properties when the sale of one would satisfy the debt, and recognized the inequity in the position that the borrower "must pay or offer to pay, a debt of $57,000, for which she is in no way liable." *Humboldt,* 161 Cal. at 291.

///

---

[4] Civil Code § 2924.12(b) provides that a lender may be subject to the greater of $50,000 or treble actual damages if the court finds that an HBOR violation was "intentional," "reckless," or resulted from "willful misconduct."  Moreover, the government may impose civil penalties of up to $7,500 per mortgage under the HBOR, for a lender's "multiple and repeated uncorrected violations."  Civil Code § 2924.17(c).  As noted, these potential damages by no means offset the debt that plaintiffs owe Wells Fargo.

[5] A portion of the opposition advances the misplaced argument that plaintiffs are somehow entitled to a loan modification. (*e.g.,* DKT #16 at 5:7-9:  "Said refusal to provide the NPV data was done negligently, recklessly and in disregard of Defendant's statutory duty to provide Plaintiffs with a good faith loan modification.").

Here, plaintiffs obtained a $1.3M loan in 2007 and defaulted in December 2011. (Comp. ¶¶ 5-6). The pleadings concede that plaintiffs' default was due to financial woes, which means that plaintiffs failed to fulfill their obligations under the loan contract. Plaintiffs now contend that the bank's "refusal to provide the NPV data" has frustrated their HBOR appeal rights; yet once again, even if plaintiffs were given another opportunity to appeal the denial letter, California law does not require a lender to provide a modification. Civ. Code § 2923.4.[6] Accordingly, the relative equities do not warrant an abandonment of the tender requirement. As stressed above, allowing a continuation of this lawsuit would be a waste of judicial resources, for irrespective of Wells Fargo's purported servicing error during the loan modification review process, plaintiffs have shown no ability to "do equity" by restoring even a portion of the considerable debt that is owed.

### 5. CONCLUSION

For the reasons set forth above and in its moving papers, Wells Fargo requests that its motion to dismiss be granted without leave to amend.

Respectfully submitted,

Dated: October 7, 2013

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: /s/ Michael Rapkine
Michael Rapkine
mrapkine@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A.

---

[6] On a side note, plaintiffs are not eligible for a modification under the federal Home Affordable Modification Program ("HAMP"). After all, HAMP only applies where the unpaid principal balance for single-unit homes is less than or equal to $729,750. *Rosas v. Carnegie Mortg.* LLC, 2012 U.S. Dist. LEXIS 71262, *5-6 (C.D. Cal. May 21, 2012). Here, plaintiffs obtained a $1,309,000 loan and they are nearly two years in default, which likely puts the unpaid principal balance at close to $1.5M.

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS THE COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System:**

*Attorneys for Plaintiffs*

Luis W. Camacho, Esq.
Ravi K. Sakthivel, Esq.
CAMACHO & ASSOCIATES
1735 North First Street, Suite 245
San Jose, CA 95112
*Tel: 408.579.1970 | Fax: 408.579.1975
Email: luis@camachoandassociates.com
Email: rksakthivellaw@gmail.com*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on **October 7, 2013**.

| Marianne Mantoen | */s/ Marianne Mantoen* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |