Michael Rapkine (#222811)
mrapkine@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| ROBERT J. MITCHELL, an individual; CHRISTINE MITCHELL, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> WELLS FARGO BANK, N.A., and DOES 1 - 50, inclusive, <br><br> Defendants. | CASE NO.: 4:13-CV-04017-KAW <br><br> [Assigned to the Hon. Kandis A. Westmore] <br><br> **DEFENDANT WELLS FARGO'S SUPPLEMENTAL BRIEF REGARDING COMPLIANCE WITH THE NATIONAL MORTGAGE SETTLEMENT AGREEMENT** |

In response to the Court's order issued on November 18, 2013 (Doc. 28), defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby submits this supplemental brief in support of its pending motion to dismiss. (Doc. 10).

/ / /

/ / /

/ / /

/ / /

# **TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

1. INTRODUCTION .................................................................................................................. 1

2. WELLS FARGO'S PARTICIPATION AND COMPLIANCE WITH THE NATIONAL MORTGAGE SETTLEMENT ("NMS") EXEMPTS IT FROM LIABILITY UNDER THE HOME OWNERS BILL OF RIGHTS ("HBOR") ............... 2

3. CONCLUSION ...................................................................................................................... 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

This action arises from a 2007 home loan that plaintiffs obtained from Wells Fargo's predecessor and a default on the mortgage in December 2011. Plaintiffs were recently reevaluated for a loan modification, with a modification denial letter issued on May 18, 2013. (Exh. C to Comp.). According to the complaint, Wells Fargo has violated California's recently-enacted Home Owners' Bill of Rights (the "HBOR") by failing to provide plaintiffs with the "net present value" ("NPV") inputs following this denial.

As detailed in Wells Fargo's motion to dismiss and supporting reply brief (Docs. 10 and 19), plaintiffs' HBOR claim is clearly preempted by the Home Owners' Loan Act ("HOLA"). Recent case law is instructive on this point, explaining that that the HBOR imposes modification review and loan servicing requirements that are far beyond those contemplated by the Office of Thrift Supervision.[1] On this basis alone, plaintiffs' lawsuit is incapable of amendment.

Furthermore, Wells Fargo is shielded from liability due to the safe harbor provision of Civil Code § 2924.12, which exempts a lender from the HBOR provided they are a signatory to the National Mortgage Settlement ("NMS") and are in compliance with the relevant terms of the NMS term sheet. This supplemental brief addresses this narrow issue.

Accordingly, Wells Fargo respectfully submits that the Court grant its 12(b)(6) motion for the reasons stated therein, and addressed in this brief.

---

[1] See e.g., *Deschaine v. IndyMac Mortg. Servs.*, 2013 U.S. Dist. LEXIS 163203, *23-24 (N.D. Cal. Nov. 15, 2013, Schubb, J.) (holding that HBOR claims were preempted, "because [HBOR] imposes requirements on the 'processing, origination, [and] servicing' of plaintiff's mortgage loan and application for a loan modification in addition to those imposed by federal law."); *Walsh v. Wells Fargo Home Mortg.*, 2013 U.S. Dist. LEXIS 155960, *8 (C.D. Cal. Oct. 29, 2013, Carney, J.) ("Mr. Walsh's first and second causes of action for violations of HBOR are preempted by HOLA."); *Marquez v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 131364, *13-16 (N.D. Cal. Sept. 13, 2013, Hamilton, J.) (all four HBOR-based claims were preempted because they fell squarely within 12 C.F.R. §§ 560.2(b)(4) and (10)); see also, *Kaplan v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 109023, *9 (C.D. Cal. July 30, 2013, Feess, J.); *Gorton v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 86006, *11 (C.D. Cal. June 3, 2013, Selna, J.).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## 2. WELLS FARGO'S PARTICIPATION AND COMPLIANCE WITH THE NATIONAL MORTGAGE SETTLEMENT ("NMS") EXEMPTS IT FROM LIABILITY UNDER THE HOME OWNERS BILL OF RIGHTS ("HBOR")

Even if plaintiffs could somehow side step the hurdle of federal preemption, Wells Fargo is a party to the National Mortgage Settlement reached in 2012 between the government and a handful of national banks.  Attached to the accompanying supplemental Request for Judicial Notice ("RJN") as Exhibit J is a true and correct copy of the Consent Judgment signed by Wells Fargo in *United States of America v. Bank of America Corp., et al.* (Case No. 1:12-cv-00361-RMC), binding it to the terms of the NMS.  Attached to the RJN as Exhibit K is the Settlement Term Sheet which Wells Fargo agreed to comply with. (Exhibit A to the Consent Judgment).

Pursuant to the safe harbor provision of Civil Code § 2924.12, Wells Fargo's participation in the NMS exempts it from liability as to key HBOR provisions, provided that the bank complies with relevant provisions of the Settlement Term Sheet.  Civil Code § 2924.12(g) expressly states:

> A signatory to a consent judgment entered in the case entitled United States of America et al. v. Bank of America Corporation et al., filed in the United States District Court for the District of Columbia, case number 1:12-cv-00361 RMC, that is in compliance with the relevant terms of the Settlement Term Sheet of that consent judgment with respect to the borrower who brought an action pursuant to this section while the consent judgment is in effect shall have no liability for a violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17.

In the present case, the sole allegation is that Wells Fargo has refused to provide the net present value ("NPV") inputs after denying plaintiffs a loan modification. (Comp. ¶¶ 9-12).  On this basis, plaintiffs contend that Wells Fargo violated Civil Code § 2923.6(f)(3),[2] which provides that: "If the [modification] denial is the result of a net present value calculation . . . the borrower may obtain all of the inputs used in the net present value calculation upon written request to the mortgage servicer."

However, plaintiffs have not and cannot possibly allege that Wells Fargo failed to comply

---

[2] The complaint mistakenly references "Code of Civil Procedure § 2924.6(f)(3)" at paragraph 12. No such Code Section exists.

with the terms of the NMS. The 42-page Settlement Term Sheet refers to the NPV test only three times, and clearly imposes less stringent requirements than California's HBOR. Importantly, there is no requirement in the NMS or attached Term Sheet that the loan servicer provide NPV *inputs* to the borrower.

First, the Settlement Term Sheet discusses the loss mitigation requirements for a signatory to the NMS, and notes that: "Servicer shall offer and facilitate loan modifications for borrowers rather than initiate foreclosure when such loan modifications for which [borrowers] are eligible are net present value (NPV) positive and meet other investor, guarantor, insurer and program requirements." (Supp. RJN, Exh. K; Section 4(A)(2), p. A-16). In the present case, Wells Fargo was unable to modify plaintiffs' loan because such modification would result in negative NPV. (Exh. C to Comp.).

Second, the Term Sheet outlines the mandated content of a modification denial letter, stating that: "For those cases where a first lien loan modification denial is the result of an NPV calculation, Servicer shall provide in the written non-approval notice the monthly gross income and property value used in the calculation." (RJN, Exh. K; Section 4(G)(2)(c), p. A-27). Once again, Wells Fargo complied with the NMS. In the denial letter sent to plaintiffs, Wells Fargo explained that a modification was not possible due to negative NPV, based on plaintiffs' monthly gross income of $14,387 and a property value of $1.5M. (Exh. C to Comp.).

Third, the Term Sheet outlines the process to appeal a modification denial, and requires: "For those cases in which the first lien loan modification denial is the result of an NPV calculation, if a borrower disagrees with the property value used by Servicer in the NPV test, the borrower can request that a full appraisal be conducted of the property by an independent licensed appraiser (at borrower's expense) consistent with HAMP directive 10-15." (RJN, Exh. K; Section 4(G)(3)(b), p. A-27). In the present case, there is no allegation that plaintiffs disputed the $1.5M property value that Wells Fargo used in its NPV calculation. However, plaintiffs *did* request an appeal and on May 24, 2013, they were instructed to "submit a new appraisal from [a] licensed appraiser..." (Exh. D to Comp.). Tellingly, there is no allegation that plaintiffs responded to Wells Fargo after this May 24 communication, or that plaintiffs had any desire to dispute the property estimate by obtaining an

1 independent appraisal.

2 In light of the foregoing loss mitigation standards, it becomes readily apparent that Wells Fargo complied with the terms of the NMS. As such, Wells Fargo's participation in the NMS insulates it from liability under the HBOR.

### 3. **CONCLUSION**

For the reasons set forth above and in its moving papers, Wells Fargo requests that its motion to dismiss be granted without leave to amend.

Respectfully submitted,

Dated: November 25, 2013   ANGLIN, FLEWELLING, RASMUSSEN,
　　　　　　　　　　　　　　　　　CAMPBELL & TRYTTEN LLP

By: /s/ Michael Rapkine
　　　Michael Rapkine
　　　mrapkine@afrct.com
　　Attorneys for Defendant
　　WELLS FARGO BANK, N.A.

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO'S SUPPLEMENTAL BRIEF REGARDING COMPLIANCE WITH THE NATIONAL MORTGAGE SETTLEMENT AGREEMENT**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System:**

*Attorneys for Plaintiffs*

Luis W. Camacho, Esq.
Ravi K. Sakthivel, Esq.
CAMACHO & ASSOCIATES
1735 North First Street, Suite 245
San Jose, CA 95112
*Tel: 408.579.1970 | Fax: 408.579.1975*
*Email: luis@camachoandassociates.com*
*Email: rksakthivellaw@gmail.com*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on **November 25, 2013**.

| Barbara Cruz | */s/ Barbara Cruz* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |