United States District Court
Northern District of California

ROBERT J. MITCHELL, an individual;
CHRISTINE MITCHELL, an individual,

    Plaintiffs,

  v.

WELLS FARGO BANK, N.A., et al.,

    Defendants.

Case No.: 13-04017-KAW

ORDER GRANTING DEFENDANT WELLS FARGO'S MOTION FOR THE AWARD OF ATTORNEYS' FEES

(Dkt. No. 48)

Plaintiffs Robert J. Mitchell and Christine Mitchell filed this lawsuit against Wells Fargo Bank asserting a single cause of action alleging that Wells Fargo violated the Homeowner Bill of Rights (hereafter referred to as "HBOR"). (Compl., Dkt. No. 1, Ex. A.) Ultimately, the court granted Wells Fargo's motion to dismiss in full and without leave to amend. (Dkt. No. 46.)

On February 4, 2014, Wells Fargo filed a motion for attorneys' fees based on the fee-shifting provisions in Plaintiffs' note and deed of trust. (Def.'s Mot. for Att'ys' Fees, "Def.'s Mot.," Dkt. No. 48.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and GRANTS Well Fargo's Motion to for Attorneys' Fees in the amount of $9,920.00.

## I. BACKGROUND

Plaintiffs were members of a class action against Wells Fargo which resulted in a settlement agreement that obligated the bank to make a loan modification program available to qualified borrowers. *See In re Wachovia Corporation "Pick -A- Payment" Mortgage Marketing and Sales Practices Litigation*, No. 5:09-md-02015-JF, 2011 WL 1877630, at *2 (N.D. Cal. May 17, 2011).

///

On or around July 6, 2007, Plaintiffs obtained a $1,309,000 home loan from Wells Fargo's predecessor, World Savings Bank, FSB. (Compl., Dkt. No. 1., Ex. A at 2.) In December 2011, Plaintiffs stopped making timely mortgage payments. (Compl. ¶ 6.) In January 2013, Plaintiffs submitted a loan modification application through Wells Fargo's defense counsel, Stacie Knight of Winston & Strawn, LLP. (Compl. ¶ 8.) On May 18, 2013, Wells Fargo sent Plaintiffs a letter denying their loan modification application on the grounds that it would result in a negative Net Present Value ("NPV"). (Compl. ¶ 9, Ex. C.) The letter included Plaintiffs' gross monthly income and the market value of the property used in the NPV calculation, as well as instructions on how to initiate the appeals process. *Id.*

On May 20, 2013, Plaintiffs' counsel sent an email to Stacie Knight requesting "a copy of the NPV" and explaining that Plaintiffs "would like to file an appeal." (Compl. ¶ 10, Ex. D.) That same day, Ms. Knight responded to Plaintiffs' counsel, explaining that "the NPV calculations are proprietary" and added, "[t]o appeal, please submit a new appraisal from a licensed appraiser within 30 days of the date of the denial letter." *Id.*

On August 1, 2013, Plaintiffs filed a complaint in Contra Costa County Superior Court alleging that Wells Fargo violated HBOR by failing to provide Plaintiffs with "all of the inputs used in the present value calculation." (Compl. ¶ 12.)

On September 16, 2013, Wells Fargo filed a motion to dismiss. On November 18, 2013, the Court requested further briefing on whether Wells Fargo was in compliance with the terms of the National Mortgage Settlement Agreement, and whether that compliance precludes liability for the alleged HBOR violations pursuant to California Civil Code § 2924.12. On January 16, 2014, the Court held a hearing on the motion. Thereafter, the Court dismissed Plaintiffs' complaint without leave to amend. (Dkt. No. 46.)

On February 4, 2014, Wells Fargo filed a motion for attorneys' fees based on the fee-shifting provisions in Plaintiff's note and deed of trust. (Def.'s Mot. at 5-7, Dkt. No. 48.) Wells Fargo sought $10,002.50 in attorneys' fees related to its motion to dismiss. Plaintiff filed an opposition conceding that Wells Fargo was entitled to reasonable attorneys' fees as the prevailing

party, but contested the fee amount on the grounds that Wells Fargo failed to specify which billing entries were related to the motion to dismiss. (Pl.'s Opp'n, Dkt. No. 5 at 1-2.)

On February 24, 2014, the Court issued an order requiring Wells Fargo to submit additional documentation in support of its motion for attorneys' fees. (Dkt. No. 52.) On February 25, 2014, Wells Fargo submitted a supplemental brief identifying the relevant billing entries, and also reduced its fee request to $9,920.00. (Def.'s Supplemental Brief, "Def.'s Suppl.," Dkt. No. 53 at 3.) Plaintiffs did not file a response to Wells Fargo's supplemental brief, and, instead, informed the Court that they no longer contested the amount of the attorneys' fees request.

## II. LEGAL STANDARD

### A. Motion for Attorneys' Fees

California law governs the right to recover attorneys' fees pursuant to an underlying contract. *See Berkla v. Corel Corp.*, 302 F.3d 909, 919 (9th Cir. 2002) (applying Cal. Civ. Proc. Code § 1021, which requires courts to follow contractual fee-shifting provisions). In similar circumstances, courts in this district have awarded attorney's fees. *See, e.g., Nguyen v. Wells Fargo Bank, N.A.*, No. C-10-4081-EDL, 2011 WL 9322 (N.D. Cal. Jan. 3, 2011). California Civil Code §1717(a) governs the recovery of attorneys' fees pursuant to an underlying contract:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

"An involuntary dismissal operates as an adjudication on the merits unless it is for lack of jurisdiction, improper venue, or failure to join a party under Rule 19." *Murphy v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 29420, at *4 (N.D. Cal. Mar. 6, 2012).

### B. Request for Judicial Notice

A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir.1993). "[A] court may take judicial notice of 'matters of public record,'"

*Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III.  DISCUSSION

**A.  Request for Judicial Notice**

As a preliminary matter, Wells Fargo asks that the Court take judicial notice of a number of documents in support of its motion for attorneys' fees. (Request for Judicial Notice, "RJN," Dkt. No. 49.) The documents are purportedly true and correct copies of: A) this Court's January 21, 2014 order in this matter; B) this Court's judgment in this matter, dated January 21, 2014; C) Adjustable Rate Mortgage Note, dated July 6, 2007, regarding the Subject Property; and D) Deed of Trust dated July 6, 2007, and recorded with the Contra Costa County Recorder's Office on July 16, 2007. Plaintiff did not oppose Defendant's Request for Judicial Notice.

With regard to the first two requests, the court need not take judicial notice of its own documents. A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir.1993). The Court concludes that the Note and Deed of Trust are not subject to reasonable dispute and are proper subjects of judicial notice. *See Lopez v. Wachovia Mortg.,* No. C 10–01645, 2010 WL 2836823, at *2 (N.D.Cal.2010) (taking judicial notice of nearly identical documents).

Accordingly, the Court GRANTS Defendant's request for judicial notice.

///

**B.     Motion for Attorneys' Fees**

    1.  Merits

Wells Fargo seeks to recover the attorneys' fees related to the motion to dismiss pursuant to the attorneys' fee provisions in the Promissory Note and in the Deed of Trust.  California law governs the right to recover attorneys' fees pursuant to an underlying contract.  *See Berkla v. Corel Corp.*, 302 F.3d 909, 919 (9th Cir. 2002); *see also* Cal. Civ. Code § 1717(a).  In order to recover attorneys' fees, Wells Fargo must be the prevailing party.  In similar circumstances, courts in this district have awarded attorneys' fees.  *See, e.g., Nguyen v. Wells Fargo Bank, N.A.*, No. C-10-4081-EDL, 2011 WL 9322 (N.D. Cal. Jan. 3, 2011).  Plaintiffs concede that Wells Fargo is the prevailing party and is entitled to reasonable attorneys' fees. (Pl.'s Opp'n, Dkt. No. 50 at 1.)

Paragraph 7(E) of the Promissory Note provides that "[t]he Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorneys' fees and court costs." (RJN, Ex. C at 4.)

Similarly, Paragraph 7 of the Deed of Trust specifically contains a provision for the recovery of attorneys' fees in "a legal proceeding that may significantly affect Lender's rights in the Property." (RJN, Ex. D.)  The Deed of Trust requires that Wells Fargo give notice before taking any of these actions. *Id.*  On January 24, 2014, Wells Fargo discussed with Plaintiffs the prospect of bringing a fee motion pursuant to the provisions in the Note and Deed of Trust. (Decl. of Michael Rapkine, Dkt. No. 48-2 ¶ 5.)  The parties discussed settlement in lieu of filing the motion, but were unable to reach an agreement. *Id.*

In light of the above, the Wells Fargo is entitled to attorneys' fees as the prevailing party in this action.

    2.  Amount of Attorneys' Fees Award

Wells Fargo seeks $9,920.00 in attorneys' fee for 37.4 hours.  (Supplemental Decl. of Michael Rapkine, "Suppl. Rapkine Decl.," Dkt. No. 53-1 ¶ 8.)  As provided above, both the

1  Promissory Note and the Deed of Trust provide for the recovery of reasonable attorneys' fees, and
2  Plaintiffs do not dispute that Wells Fargo is entitled to recover as the prevailing party.
3  When calculating reasonable attorneys' fees, the Court must consider both the
4  reasonableness of the hourly billing rate and the number of hours required. *See Larfarge Conseils*
5  *Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.,* 791 F.2d 1334, 1341-42 (9th Cir.
6  1986)(citations omitted).

### *a. Reasonableness of the Hourly Billing Rate*

To determine the appropriate lodestar amount, the reasonableness of the hourly billing rate must be assessed. *Credit Managers Ass'n of S. Cal.,* 25 F.3d at 750. In doing so, the court must look to the prevailing market rates in the relevant community for similar work by attorneys of comparable skill, experience, and reputation. *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 979 (9th Cir.2008). Generally, the relevant community is the forum where the district court sits. *Id.*

Here, Wells Fargo's claimed hourly rates range from $160 to $290 per hour. (Suppl. Rapkine Decl. ¶ 8.) Wells Fargo's counsel is seeking reimbursement for a total of 37.4 hours. *Id.* Michael Rapkine is an attorney with the law firm of Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP. (Decl. of Mark T. Flewelling in Support of Def. Wells Fargo's Motion for an Award of Attorneys' Fees, "Flewelling Decl.," Dkt. No. 48-1 ¶ 3b.) Mr. Rapkine has a broad range of state and federal litigation with an emphasis on complex business litigation, and has been with the firm since 2010. *Id.* Mr. Rapkine's time is billed at $275.00 per hour. (Suppl. Rapkine Decl. ¶ 8.)

E. Christine Hehir is an attorney with the law firm. (Flewelling Decl. ¶ 3.) Ms. Hehir has 15 years of experience litigating commercial and real estate cases before state and federal courts. *Id.* Ms. Hehir's time is billed at $290.00 per hour. (Suppl. Rapkine Decl. ¶ 8.)

Helene P. Saller is a paralegal with the law firm. (Flewelling Decl. ¶ 3f.) Ms. Saller has 9 years of experience. *Id.* Ms. Saller's time is billed at $160.00 per hour. (Suppl. Rapkine Decl. ¶ 8.)

Plaintiffs' hourly rates are within the range found reasonable by other judges in the Northern District for attorneys and paralegals with comparable experience. *See, e.g., Sami v.*

*Wells Fargo Bank, N.A.,* 2012 U.S. Dist. LEXIS 109251, at *19 (N.D. Cal. Aug. 3 2012). After reviewing Mr. Flewelling's declaration, which states the experience of counsel, the Court finds that the hourly rates are reasonable and consistent with prevailing market rates in the Northern District.

> *b.  Reasonableness of the Hours Billed*

In order to assess whether the number of hours billed is reasonable, Plaintiffs must submit detailed records justifying the hours that have been expended. *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210 (9th Cir.1986). The court may reduce the hours through its discretion "where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." *Id.*

In the instant fee motion, Wells Fargo's counsel is seeking reimbursement for 37.4 hours billed in connection with this case. (Suppl. Rapkine Decl. ¶ 8.) Mr. Rapkine accounted for 34.0 billable hours, Ms. Saller for 3.2 hours, and Ms. Hehir for 0.2 hours, respectively. *Id.* These hours represent only those billing entries related to "(1) preparation of the 12(b)(6) motion; (2) drafting a reply in support of the motion to dismiss; (3) preparation of a supplemental brief concerning compliance with the National Mortgage Settlement; and (4) attendance at the motion to dismiss hearing." *Id.* ¶ 4.

Upon review of the invoices provided in Mr. Rapkine's supplemental declaration, in which he identified the relevant billing entries, the Court finds that the 37.4 hours billed in connection with the motion to dismiss are reasonable.

## IV.  CONCLUSION

For the reasons set forth above, the Court GRANTS Wells Fargo's Request for Judicial Notice in support of its attorneys' fee motion.

The Court GRANTS Wells Fargo's Motion for Attorneys' fees as the prevailing party in the amount of $9,920.00.

IT IS SO ORDERED.

Dated: April 1, 2014

KANDIS A. WESTMORE
United States Magistrate Judge